TOWNSEND AND TOWNSEND AND CREW LLP
ERIC P. JACOBS (State Bar No. 88413)
IGOR SHOIKET (State Bar No. 190066)
ALEXANDRA M. SEPULVEDA (State Bar No. 233216)
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: epjacobs@townsend.com
Email: ishoiket@townsend.com
Email: amsepulveda@townsend.com

Attorneys for Defendant
APL Logistics Americas, Ltd.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARRIVALSTAR S.A. and MELVINO TECHNOLOGIES LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>APL LOGISTICS, INC.,<br><br>Defendant. | Case No. C 06 4289 HRL<br><br>**DEFENDANT APL LOGISTICS AMERICAS, LTD.'S ANSWER TO PLAINTIFFS' COMPLAINT AND COUNTERCLAIMS; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant APL Logistics Americas, LTD ("APL"), incorrectly sued as APL Logistics, Inc., answers the complaint of plaintiffs ArrivalStar S.A. ("ArrivalStar") and Melvino Technologies Limited ("Melvino") (collectively, "plaintiffs") as follows:

1. APL admits that plaintiffs' complaint purports to state a cause of action for patent infringement arising under the patent laws of the United States. APL admits that this Court has jurisdiction over such a claim. APL denies the substantive merits of plaintiffs' claims.

2. APL admits that venue is proper in this district.

3. APL is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of the complaint, and on that basis, denies each and every allegation contained therein.

4. APL is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the complaint, and on that basis, denies each and every allegation contained therein.

5. APL admits that a copy of U.S. Patent No. 6,748,318 ("the '318 patent"), entitled "Advanced Notification Systems and Methods Utilizing A Computer Network," issued June 8, 2004, and U.S. Patent No. 6,904,359 ("the '359 patent"), entitled "Notification Systems and Methods with User-Definable Notifications Based Upon Occurrence of Events," issued June 7, 2005, are attached as Exhibits A and B to the complaint. APL is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the complaint, and on that basis, denies each and every remaining allegation contained therein.

6. APL admits that it is a corporation with a place of business at 1111 Broadway, Oakland, California 94607, and that APL transacts business in this district and in the State of California. APL denies each and every remaining allegation in Paragraph 6 of the complaint.

7. APL denies the allegations contained in Paragraph 7 of the complaint.

8. APL denies the allegations contained in Paragraph 8 of the complaint.

**FIRST AFFIRMATIVE DEFENSE**

9. The complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

10. APL has not and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, either literally or by application of the doctrine of equivalents, any valid or enforceable asserted claim of the '318 patent or the '359 patent.

**THIRD AFFIRMATIVE DEFENSE**

11. The '318 and '359 patents are invalid for failure to comply with conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 111, 112, 113 and 115, and the laws pertaining thereto.

DEFENDANT APL LOGISTICS AMERICAS, LTD'S ANSWER TO PLAINTIFFS' COMPLAINT AND COUNTERCLAIMS; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS; DEMAND FOR JURY TRIAL
CASE NO. C 06 4289 HRL

2

**FOURTH AFFIRMATIVE DEFENSE**

12. Plaintiffs' claim of infringement is barred by the doctrine of prosecution history estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

13. Plaintiffs are equitably estopped from obtaining any of the relief requested in the complaint.

**SIXTH AFFIRMATIVE DEFENSE**

14. Plaintiffs' claim of infringement is barred by the doctrine of prosecution laches.

**SEVENTH AFFIRMATIVE DEFENSE**

15. Plaintiffs' claim for damages is limited by 35 U.S.C. § 286.

**EIGHTH AFFIRMATIVE DEFENSE**

16. Plaintiffs' claim for damages is limited by 35 U.S.C. § 287.

**PRAYER FOR RELIEF**

WHEREFORE, APL requests entry of judgment in its favor and against ArrivalStar S.A. and Melvino Technologies Limited as follows:

a. That Plaintiffs' take nothing by reason of their complaint, that their complaint be dismissed with prejudice;

b. That the claims of the '318 and '359 patents be adjudged and declared not infringed by APL;

c. That the claims of the '318 and '359 patents be adjudged and declared invalid;

d. Holding that ArrivalStar S.A. and Melvino Technologies Limited are not entitled to any damages for, or injunctive relief against any alleged infringement by APL.

e. That this be declared as an exceptional case entitling APL to its attorney's fees and costs;

f. For such other relief as the Court deems proper.

**COUNTERCLAIMS**

Counterclaimant APL for its Counterclaims against ArrivalStar and Melvino alleges as follows:

DEFENDANT APL LOGISTICS AMERICAS, LTD'S ANSWER TO PLAINTIFFS' COMPLAINT AND COUNTERCLAIMS; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS; DEMAND FOR JURY TRIAL
CASE NO. C 06 4289 HRL

3

**JURISDICTION AND VENUE**

17. This counterclaim is brought under the patent laws of the United States. This Court has subject matter jurisdiction under 28. U.S.C. §§ 1331, 1338 and 2201. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

**PARTIES**

18. APL Logistics Americas, LTD, ("APL") is a California corporation with its principal place of business at 1111 Broadway, Oakland, CA 94607.

19. On information and belief, ArrivalStar S.A. ("ArrivalStar") is a corporation organized under the laws of Luxembourg and having offices at 67 Rue Michel, Welter L-2730, Luxembourg.

20. On information and belief, Melvino Technologies Limited ("Melvino") is a corporation organized under the laws of the British Virgin Islands of Tortola, having a principal place of business at P.O. Box 3152, RG Hodge Building, Road Town, Tortola, British Virgin Islands.

**FIRST COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of the '318 Patent)**

21. APL realleges the allegations of paragraphs 18-20 of its counterclaim and incorporates them by reference.

22. An actual and present justiciable controversy requiring declaratory relief exists between ArrivalStar and Melvino, on the one hand, and APL, on the other hand, as to alleged infringement of U.S. Patent No. 6,748,318 ("the '318 patent") by virtue of the allegations in the complaint in this action.

23. APL has not and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, any asserted valid and enforceable claim of the '318 patent.

24. APL seeks a declaration from this Court that it has not infringed, contributed to the infringement of, or actively induced others to infringe, willfully or otherwise, any asserted valid and enforceable claim of the '318 patent.

**SECOND COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of the '359 Patent)**

25. APL realleges the allegations of paragraphs 18-20 of its counterclaim and incorporates

DEFENDANT APL LOGISTICS AMERICAS, LTD'S ANSWER TO PLAINTIFFS' COMPLAINT AND COUNTERCLAIMS; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS; DEMAND FOR JURY TRIAL
CASE NO. C 06 4289 HRL

4

them by reference.

26. An actual and present justiciable controversy requiring declaratory relief exists between ArrivalStar and Melvino, on the one hand, and APL, on the other hand, as to alleged infringement of U.S. Patent No. 6,904,359 ("the '359 patent") by virtue of the allegations in the complaint in this action.

27. APL has not and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, any asserted valid and enforceable claim of the '359 patent.

28. APL seeks a declaration from this Court that it has not infringed, contributed to the infringement of, or actively induced others to infringe, willfully or otherwise, any asserted valid and enforceable claim of the '359 patent.

### THIRD COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '318 Patent)**

29. APL realleges the allegations of paragraphs 18-20 of its counterclaim and incorporates them by reference.

30. An actual and present justiciable controversy requiring declaratory relief exists between ArrivalStar and Melvino, on the one hand, and APL, on the other hand, as to the validity of the '318 patent by virtue of the allegations in the complaint in this action.

31. Each asserted claim of the '318 patent is invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

32. APL seeks a declaration from this Court that all of the asserted claims of the '318 patent are invalid.

### FOURTH COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '359 Patent)**

33. APL realleges the allegations of paragraphs 18-20 of its counterclaim and incorporates them by reference.

34. An actual and present justiciable controversy requiring declaratory relief exists between Arrivalstar and Melvino, on the one hand, and APL, on the other hand, as to the validity of the

DEFENDANT APL LOGISTICS AMERICAS, LTD'S ANSWER TO PLAINTIFFS' COMPLAINT AND COUNTERCLAIMS; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS; DEMAND FOR JURY TRIAL
CASE NO. C 06 4289 HRL

5

1  '359 patent by virtue of the allegations in the complaint in this action.

2      35.    Each asserted claim of the '359 patent is invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

    36.    APL seeks a declaration from this Court that all of the asserted claims of the '359 patent are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, APL prays for judgment against ArrivalStar and Melvino as follows:

(a) That ArrivalStar and Melvin take nothing by way of their complaint, and that the complaint be dismissed with prejudice;

(b) That judgment be entered in favor of APL declaring that APL has not and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, any asserted valid and enforceable claim of the '318;

(c) That judgment be entered in favor of APL declaring that APL has not and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, any asserted valid and enforceable claim of the '359 patent;

(d) That the claims of the '318 and '359 patents be adjudged and declared invalid;

(e) That this be declared as an exceptional case, entitling APL to its attorney's fees and costs;

(f) That ArrivalStar S.A. and Melvino Technologies Limited are not entitled to any damages for, or injunctive relief against any alleged infringement by APL;

(g) For such other and further relief as this Court may deem just and proper.

DEFENDANT APL LOGISTICS AMERICAS, LTD'S ANSWER TO PLAINTIFFS' COMPLAINT AND COUNTERCLAIMS; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS; DEMAND FOR JURY TRIAL
CASE NO. C 06 4289 HRL

6

1  DATED:  September 5, 2006       Respectfully submitted,

2                                   TOWNSEND AND TOWNSEND AND CREW LLP

3

4                                   By:  /s/ Alexandra M. Sepulveda
                                       ERIC P. JACOBS
5                                      IGOR SHOIKET
                                       ALEXANDRA M. SEPULVEDA
6
                                    Attorneys for Defendant APL Logistics Americas, Ltd.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

- Neptune Orient Lines Limited (NOL)

DATED: September 5, 2006               Respectfully submitted,

                                       TOWNSEND AND TOWNSEND AND CREW LLP


                                       By: /s/ Alexandra M. Sepulveda
                                           ERIC P. JACOBS
                                           IGOR SHOIKET
                                           ALEXANDRA M. SEPULVEDA

                                       Attorneys for Defendant APL Logistics Americas, Ltd.

DEFENDANT APL LOGISTICS AMERICAS, LTD'S ANSWER TO PLAINTIFFS' COMPLAINT AND COUNTERCLAIMS; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS; DEMAND FOR JURY TRIAL
CASE NO. C 06 4289 HRL

8

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, APL demands trial by jury on all issues so triable.

DATED: September 5, 2006        Respectfully submitted,

TOWNSEND AND TOWNSEND AND CREW LLP


By: /s/ Alexandra M. Sepulveda
   ERIC P. JACOBS
   IGOR SHOIKET
   ALEXANDRA M. SEPULVEDA

Attorneys for Defendant APL Logistics Americas, Ltd.

60860691 v2

DEFENDANT APL LOGISTICS AMERICAS, LTD'S ANSWER TO PLAINTIFFS' COMPLAINT AND COUNTERCLAIMS; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS; DEMAND FOR JURY TRIAL
CASE NO. C 06 4289 HRL

9